

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

November 19, 2025

<u>By Email</u>
Neil P. Kelly, Esq.
Federal Defenders of New York
52 Duane Street, 10th Floor
New York, New York 10007

      Re:    <u>**United States v. Samuel Gonzalez**</u>, 25 Cr. _____ ( )

Dear Counsel:

On the understandings specified below, the Office of the United States Attorney for the Southern District of New York ("this Office") will accept a guilty plea from Samuel Gonzalez ("the defendant") to Count One of the above-referenced Information. Count One charges the defendant with possession of child pornography, in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2), and carries a maximum term of imprisonment of 20 years; a maximum term of supervised release of life; a mandatory minimum term of supervised release of five years; a maximum fine, pursuant to Title 18, United States Code, Section 3571, of the greatest of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than the defendant resulting from the offense; and a $100 mandatory special assessment, plus an additional assessment of $5,000 pursuant to 18 U.S.C. § 3014(a) and an additional assessment of up to $17,000 pursuant to 18 U.S.C. § 2259A. In addition to the foregoing, the Court must order restitution as specified below.

In consideration of the defendant's plea to the above offenses, the defendant will not be further prosecuted criminally by this Office (except for criminal tax violations, if any, as to which this Office cannot, and does not, make any agreement) for possessing child pornography from in or about November 2019 through in or about June 2023, as charged in Count One of the Information, it being understood that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 *et seq.* In addition, at the time of sentencing, the Government will move to dismiss any open Counts against the defendant. The defendant agrees that with respect to any and all dismissed charges the defendant is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

The defendant hereby admits the forfeiture allegation with respect to Count One of the Indictment and agrees to forfeit to the United States, pursuant to Title 18, United States Code, Section 2253, all right, title, and interest of the defendant in the following specific property:

| Description | Unique Identifier |
|---|---|
| Blue iPhone 12 Mini | 353009117240121 |
| MacBook Air Laptop | C02LG70PF5V7 |
| iPad Mini | F9FV6JB5GHKJ |

(collectively, the "Specific Property"). The defendant agrees that the defendant will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Specific Property and will not cause or assist anyone else in doing so. The defendant also agrees to take all necessary steps to pass clear title to the Specific Property to the United States, including, but not limited to, the execution of all necessary documentation. It is further understood that any forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture. The defendant consents to the entry of the Consent Order of Forfeiture annexed hereto as Exhibit A and agrees that the Consent Order of Forfeiture shall be final as to the defendant at the time it is ordered by the Court.

The defendant further agrees to make restitution in an amount ordered by the Court in accordance with 18 U.S.C. §§ 2259, 3663, and 3663A. The defendant further agrees that the obligation to make restitution shall be made a condition of probation, *see* 18 U.S.C. § 3563(b)(2), or of supervised release, *see* 18 U.S.C. § 3583(d), as the case may be. The restitution amount shall be paid according to a plan established by the Court. The defendant will be given credit against this restitution amount for any payments made prior to sentencing, as verified by the Office.

In consideration of the foregoing and pursuant to United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") Section 6B1.4, the parties hereby stipulate to the following:

A. <u>Offense Level</u>

1.  The applicable Guidelines manual is the November 1, 2025 edition.

2.  Pursuant to U.S.S.G. § 2G2.2(a)(1), the base offense level is 18.

3.  Pursuant to U.S.S.G. § 2G2.2(b)(2), two offense levels are added because the material involved a prepubescent minor or a minor who had not attained the age of 12 years.

4.  Pursuant to U.S.S.G. § 2G2.2(b)(3)(B), five offense levels are added because the defendant distributed child sexual abuse material in exchange for any valuable consideration, but not for pecuniary gain.

5.  Pursuant to U.S.S.G. § 2G2.2(b)(4), four offense levels are added because the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence or the offense involved material that portrays the sexual abuse or exploitation of an infant or toddler.

6.  Pursuant to U.S.S.G. § 2G2.2(b)(6), two offense levels are added because the offense involved the use of a computer or an interactive computer service for the possession,

transmission, receipt, or distribution of the material, or for accessing with intent to view the material.

7. Pursuant to U.S.S.G. § 2G2.2(b)(7)(D) & cmt. 6(B)(ii), five offense levels are added because the offense involved 600 or more images.

8. Assuming the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through the defendant's allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming the defendant has accepted responsibility as described in the previous sentence, the Government will move at sentencing for an additional one-level reduction, pursuant to U.S.S.G. § 3E1.1(b), because the defendant gave timely notice of the defendant's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

In accordance with the above, the applicable Guidelines offense level is 33.

B. <u>Criminal History Category</u>

Based upon this Office's current understanding (including from representations by the defense), the defendant has no prior criminal convictions.

In accordance with the above, the defendant's Criminal History Category is I.

C. <u>Sentencing Range</u>

Based upon the calculations set forth above, the defendant's stipulated Guidelines range is 135 to 168 months' imprisonment (the "Stipulated Guidelines Range"). In addition, after determining the defendant's ability to pay, the Court may impose a fine pursuant to U.S.S.G. § 5E1.2. At Guidelines level 33, the applicable fine range is $35,000 to $350,000.

The parties agree that neither a downward nor an upward departure from the Stipulated Guidelines Range set forth above is warranted. Accordingly, neither party will seek any departure or adjustment pursuant to the Guidelines that is not set forth herein. Nor will either party in any way suggest that the Probation Office or the Court consider such a departure or adjustment under the Guidelines.

The parties agree that either party may seek a sentence outside of the Stipulated Guidelines Range based upon the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a).

Except as provided in any written Proffer Agreement(s) that may have been entered into between this Office and the defendant, nothing in this Agreement limits the right of the parties (i) to present to the Probation Office or the Court any facts relevant to sentencing; (ii) to make any arguments regarding where within the Stipulated Guidelines Range (or such other range as the

Court may determine) the defendant should be sentenced and regarding the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a); (iii) to seek an appropriately adjusted Guidelines range if it is determined based upon information not contained in this Agreement that the defendant's criminal history category is different from that set forth above; and (iv) to seek an appropriately adjusted Guidelines range or mandatory minimum term of imprisonment if it is subsequently determined that the defendant qualifies as a career offender under U.S.S.G. § 4B1.1. Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G. § 3E1.1, regardless of any stipulation set forth above, if the defendant fails clearly to demonstrate acceptance of responsibility, to the satisfaction of the Government, through the defendant's allocution and subsequent conduct prior to the imposition of sentence. Similarly, nothing in this Agreement limits the right of the Government to seek an enhancement for obstruction of justice, *see* U.S.S.G. § 3C1.1, regardless of any stipulation set forth above, should it be determined that the defendant has either (i) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) committed another crime after signing this Agreement.

It is understood that pursuant to U.S.S.G. § 6B1.4(d), neither the Probation Office nor the Court is bound by the above Guidelines stipulation, either as to questions of fact or as to the determination of the proper Guidelines to apply to the facts. In the event that the Probation Office or the Court contemplates any Guidelines adjustments, departures, or calculations different from those stipulated to above, or contemplates any sentence outside of the stipulated Guidelines range, the parties reserve the right to answer any inquiries and to make all appropriate arguments concerning the same.

It is understood that the sentence to be imposed upon the defendant is determined solely by the Court. It is further understood that the Guidelines are not binding on the Court. The defendant acknowledges that the defendant's entry of a guilty plea to the charged offenses authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence. This Office cannot, and does not, make any promise or representation as to what sentence the defendant will receive. Moreover, it is understood that the defendant will have no right to withdraw the defendant's plea of guilty should the sentence imposed by the Court be outside the Guidelines range set forth above.

It is agreed that the defendant will not file a direct appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the defendant's conviction. In addition to any other claims the defendant might raise, the defendant waives the right to challenge the conviction based on (1) any non-jurisdictional defects in the proceedings before entry of this plea, (2) a claim that the statute(s) to which the defendant is pleading guilty is unconstitutional, and (3) a claim that the admitted conduct does not fall within the scope of the statute.  It is further agreed that (i) the defendant will not file a direct appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, any sentence within or below the Stipulated Guidelines Range of 135 to 168 months' imprisonment and (ii) that the Government will not appeal any sentence within or above the Stipulated Guidelines Range. This provision is binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, it is agreed that any appeal as to the defendant's sentence that is not foreclosed by this provision will be limited

to that portion of the sentencing calculation that is inconsistent with (or not addressed by) the above stipulation. The parties agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with the undischarged portion of any other sentence of imprisonment that has been imposed on the defendant at the time of sentencing in this case. The defendant further agrees not to appeal or bring a collateral challenge of any term of supervised release that is less than or equal to the statutory maximum or any condition of supervised release imposed by the Court for which he had notice, including from a recommendation by the Probation Office in the presentence investigation report, and an opportunity to object. The defendant also agrees not to appeal or bring a collateral challenge of any fine that is less than or equal to $350,000, and the Government agrees not to appeal any fine that is greater than or equal to $35,000. The defendant also agrees not to appeal or bring a collateral challenge to any special assessment that is less than or equal to $100, any additional assessment pursuant to 18 U.S.C. § 2259A that is less than or equal to $17,000, and any additional assessment pursuant to 18 U.S.C. § 3014(a) that is less than or equal to $5,000. Notwithstanding the foregoing, nothing in this paragraph shall be construed to be a waiver of whatever rights the defendant may have to assert claims of ineffective assistance of counsel, whether on direct appeal, collateral review, or otherwise. Rather, it is expressly agreed that the defendant reserves those rights.

The defendant hereby acknowledges that the defendant has accepted this Agreement and decided to plead guilty because the defendant is in fact guilty.

In connection with the defendant's plea of guilty, the defendant, in consultation with counsel, has chosen not to request discovery materials pursuant to Fed. R. Crim. P. 16 ("Rule 16 Material"). The defendant understands that if not for entering this plea of guilty, the Government would be required to produce Rule 16 Material, and would further be required to produce material pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and Fed. R. Crim. P. 5(f), and, if the defendant proceeded to trial, impeachment material pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), and *Jencks* Act material. The defendant acknowledges that the defendant has not and will not receive such information because the defendant has decided to plead guilty, waives the right to this information, and agrees not to withdraw the defendant's plea or to attack the defendant's conviction or sentence, either on direct appeal or collaterally, on the ground that the Government has failed to produce any such information, apart from any information establishing the factual innocence of the defendant.

The defendant recognizes that, if the defendant is not a citizen of the United States, the defendant's guilty plea and conviction make it very likely that the defendant's removal from the United States is presumptively mandatory and that, at a minimum, the defendant is at risk of being removed or suffering other adverse immigration consequences. If the defendant is a naturalized citizen of the United States, the defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status. Under federal law, an individual may be subject to denaturalization and removal if the defendant's naturalization was procured by concealment of a material fact or by willful misrepresentation, or otherwise illegally procured. The defendant acknowledges that the defendant has discussed the possible immigration consequences (including removal or denaturalization) of the defendant's guilty plea and conviction with defense counsel. The defendant affirms that the defendant wants to plead guilty regardless of any immigration or denaturalization consequences that may result from the guilty plea and conviction, even if those

consequences include denaturalization and/or removal from the United States. The defendant understands that denaturalization and other immigration consequences are typically the subject of a separate proceeding, and the defendant understands that no one, including the defendant's attorney or the District Court, can predict with certainty the effect of the defendant's conviction on the defendant's immigration or naturalization status. It is agreed that the defendant will have no right to withdraw the defendant's guilty plea based on any actual or perceived adverse immigration consequences (including removal or denaturalization) resulting from the guilty plea and conviction. It is further agreed that the defendant will not challenge the defendant's conviction or sentence on direct appeal, or through litigation under Title 28, United States Code, Section 2255 and/or Section 2241, on the basis of any actual or perceived adverse immigration consequences (including removal or denaturalization) resulting from the defendant's guilty plea and conviction.

The defendant understands and acknowledges that, under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: where he resides, where he is employed, and where he is a student. The defendant understands that the requirements for registration include providing his true name, residence address, and the names and addresses of any places where he is or will be an employee or student. The defendant further understands that the requirement to keep the registration current includes informing at least one of the aforementioned jurisdictions not later than three days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, Title 18, United States Code, Section 2250, which is punishable by a fine, imprisonment, or both.

It is further agreed that should the conviction following the defendant's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement (including any counts that the Government has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

It is further understood that this Agreement does not bind any federal, state, or local prosecuting authority other than this Office.

Apart from any written Proffer Agreement(s) that may have been entered into between this Office and defendant, this Agreement supersedes any prior understandings, promises, or conditions between this Office and the defendant. No additional understandings, promises, or conditions have been entered into other than those set forth in this Agreement, and none will be entered into unless in writing and signed by all parties.

Page 7

Very truly yours,

JAY CLAYTON
United States Attorney

By:    _____
Katherine Cheng
Assistant United States Attorney
(212) 637-2492

APPROVED:

_s/_____
Elinor L. Tarlow
Co-Chief, General Crimes

AGREED AND CONSENTED TO:

_____
Samuel Gonzalez

November 19, 2025
DATE

APPROVED:

_____
Neil P. Kelly
Attorney for Samuel Gonzalez

November 19, 2025
DATE

2025.03.12